JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7465 PA (SSx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | HSBC Bank USA, et al. v. Sheree Benoit, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

      The Court is in receipt of a Notice of Removal filed by defendants Sheree and Richard Benoit ("Defendants") on October 6, 2010.  (Docket No. 1.)  Plaintiff HSBC Bank USA's ("Plaintiff's") Complaint, filed at the Santa Clarita Courthouse of the Los Angeles County Superior Court, asserts a single cause of action for unlawful detainer.  The Complaint alleges a single cause of action for unlawful detainer.  Defendants, who are appearing pro se, seem to assert that this Court has subject matter jurisdiction on the basis of diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1443.

      Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

      Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987).

      Here, the Complaint contains a single cause of action for unlawful detainer.  No federal claim is alleged.  Although Defendants assert in their Notice of Removal that this action is a "civil action of which this court has jurisdiction under 28 U.S.C. § 1443(1)," no such claim is alleged in the Complaint.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7465 PA (SSx) | Date | October 12, 2010 |
|---|---|---|---|
| Title | HSBC Bank USA, et al. v. Sheree Benoit, et al. | | |

Accordingly, Plaintiffs have failed to show that a federal claim exists in this action over which the Court has original jurisdiction.

Defendants have also failed to show that diversity jurisdiction exists over this action. Subject matter jurisdiction based on diversity of citizenship requires all plaintiffs to have different citizenship from all defendants and that the amount in controversy exceed $75,000. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

In the Notice of Removal, Defendants do not allege either their own citizenship or Defendant's citizenship. Without any allegations regarding the parties' citizenship, the Court cannot determine whether it has diversity jurisdiction over this matter. Moreover, although Defendants allege in conclusory fashion that the amount in controversy exceeds $75,000, neither the Notice of Removal nor the Complaint alleges any facts in support of that assertion. Since the Complaint states that the "amount demanded does not exceed $10,000," Defendants have the burden to prove to a legal certainty that the amount in controversy exceeds $75,000. See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007)(holding that the removing party has the burden to establish to a "legal certainty" that the amount in controversy requirement is met when the complaint affirmatively alleges an amount in controversy below the statutory minimum). Defendants have not offered any evidence to show that the amount in controversy exceeds the minimum jurisdictional requirement.

For the foregoing reasons, Defendants have failed to meet their burden of showing that diversity jurisdiction exists over this action. Accordingly, because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Santa Clarita Courthouse, Case No. 10U00593. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.